**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARK R. OWENS | \* | |
| | \* | |
| | \* | |
| v. | \* | Civil No. – JFM-11-1893 |
| | \* | |
| MONTGOMERY COUNTY GOVERNMENT | \* | |
| DEPARTMENT OF HEALTH AND HUMAN | \* | |
| SERVICES | \* | |
| | \*\*\*\*\*\* | |

**MEMORANDUM**

Plaintiff has instituted this *pro se* action for employment discrimination against the Montgomery County Government Department of Health and Human Services. Defendant has moved for summary judgment. Plaintiff has opposed the motion and had cross-moved for summary judgment. Defendant's motion will be granted, and plaintiff's motion will be denied.

I.

Plaintiff claims that defendant violated the Americans with Disabilities Act of 1990 by failing to reasonably accommodate his medical conditions (ADHD and Major Depression) and forcing him to retire.[1] Plaintiff worked for defendant as a Therapist II in the Adult Addictions Coordination Division. On June 10, 2002, plaintiff and the County entered into a work schedule agreement. The agreement provided that it was "not to be construed or in any way deemed as an admission of any violation of the Americans with Disabilities Act. . . ." It did not include a duration or termination provision. Approximately four years later, on April 28, 2006, the County's Disability Program Manager recommended a fitness-for-duty evaluation of plaintiff because the unit in which plaintiff was working was "developing materials and facilitating

---

[1] Plaintiff also asserts a claim under the Age Discrimination Act. There is, however, absolutely no evidence to support a claim that defendant discriminated against plaintiff because of his age.

1

processes to bring about operational and programmatic-changes that will affect the working-responsibilities, duties and assignments of each Therapist II performing within [plaintiff's] class." After plaintiff's medical records were reviewed and he was medically examined, plaintiff, on February 21, 2007, was notified that as the result of program changes and the additional essential functions required of Therapist IIs, plaintiff would be given "one major reasonable accommodation with multiple components," including time to transition from one task to another. On October 11, 2007, plaintiff met with the County's disability program manager, and the new, recalibrated reasonable accommodations were discussed. The County advised plaintiff that "the terms of the 2000 agreement will expire on January 1, 2008."

Thereafter, plaintiff advised the County that he intended to continue to telecommute and take flex times on Fridays on and beyond January 1, 2008, in accordance with the terms of the 2002 agreement. Plaintiff was advised that he was "expected to return to a regular schedule of work, and that if he did not work his full shift, absent being granted leave by his direct supervisor, he would be considered absent without leave and that repeated incidents of being AWOL would be a cause for disciplinary action.

Plaintiff did not resume a full work shift. Because he was suspected of misuse or abuse of sick leave, he was placed on a sick leave restriction. He continued to have frequently and unexcused absences. The County then issued to plaintiff a Statement of Charges. After the Statement of Charges was executed, pursuant to the collective bargaining agreement with plaintiff's union, the parties agreed to an Alternative Dispute Resolution during which plaintiff agreed that he would be placed on a Last Chance Settlement Agreement for time and attendance. Plaintiff exceeded the time and attendance requirements contained in the Last Chance Settlement Agreement, and the County issued a second Statement of Charges against him. Plaintiff then

retired.

## II.

Plaintiff has no direct evidence that defendant discriminated against him because of his disability. Therefore, he must establish his claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995).

One of the elements under the *McDonnell Douglas* protocol is that plaintiff proved that at the time of his discharge, he was performing his job at a level that met his employers legitimate expectations. Here, plaintiff has not done so. Rather, the evidence makes clear that plaintiff's inability to come to the office and his overuse of sick leave prevented him from meeting defendant's legitimate expectations as an employer. It is true, as plaintiff asserts, that the changes made by defendant to his work schedule were inconsistent with the 2002 agreement. However, under Maryland law a contract, silent as to its duration, is not presumed to be perpetual but will be deemed to be in effect for a reasonable time. *See Kylie v. The First Nat'l Bank*, 102 Md. App, 317, 335 (1994). Here, defendant, upon the advice of counsel, kept the 2002 agreement with plaintiff in effect for approximately five and a half years, from June 10, 2002 to January 1, 2008. Plaintiff has not cited any law or any facts to draw into question the reasonableness of that duration. Moreover, nothing in the ADA suggests that a contract with a disabled party is not subject to reasonable amendment. In that regard it is established that "an accommodation that would require other employees to work harder is unreasonable." *Crabil v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. Appx. At 323 (4th Cir. 2011), *citing Crabil*, 708 F. Supp. 2d 542, 556 (W.D.N.C. 2010). Here, the record establishes that plaintiff's productivity was substantially lower than his peers in that he had 375 client visits, where his co-workers had

client visits ranging between a low of 562 and a high of 794. The ADA does not require an employer to hire or maintain the employment of a disabled person solely by virtue of that person's status. Rather, an employer's obligation is to make reasonable accommodations to make a disabled person's performance relatively equal, within the range of reasonable to an employee who is not disabled. Because of the disparity in plaintiff's productivity and that of his co-workers, it is clear that plaintiff did not meet the defendant's legitimate expectations concerning his performance.

     A separate order granting defendant's motion for summary judgment and denying plaintiff's cross-motion is being entered herewith.


Date:  January 31, 2013          ___/s/_____
                                        J. Frederick Motz
                                        United States District Judge